An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BERNABE A. LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61921

FILED

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of conspiracy to commit burglary. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant Bernabe A. Lopez contends that the district court erred by imposing a restitution amount that was supported by impalpable and highly suspect evidence. A district court must rely on reliable and accurate information in calculating a restitution award and its determination will not be disturbed absent an abuse of discretion. *See Martinez v. State*, 115 Nev. 9, 120-13, 974 P.2d 133, 135 (1999).

First, Lopez asserts that it is not clear from the record what the restitution award compensated the victim for. The victim gave somewhat ambiguous testimony regarding his damaged and stolen property. However, he also provided pictures and a "detailed list,"[1] both of

_____

[1] It appears that the district court considered the pictures but the record does not indicate whether it considered the list.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21546

which defense counsel stated she viewed. Lopez did not object to the basis of the award and, under these circumstances, we conclude he fails to demonstrate plain error. *See Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507 (2009).

Second, Lopez contends that the amount of restitution awarded was based on mere speculation. We agree. Lopez objected to the amount of restitution during the sentencing hearing and argued that there were no receipts or estimates to substantiate the $3500 award. The victim testified that that amount was "just a rough estimate" and he "assume[d] it would be more." When asked about the cost to repair broken glass, the victim "guess[ed]" the amount was "probably" $1800. The record does not indicate that any documentation of any sort was provided in support of the requested restitution amount. Under these circumstances, we conclude the victim's testimony did not provide a sufficient basis to calculate a restitution award. Therefore, we conclude that the district court abused its discretion in setting the restitution amount and we vacate the restitution award and remand this matter to the district court with instructions to conduct a restitution hearing. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Brent T. Adams, District Judge
        Washoe County Public Defender
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk